UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JONATHAN JOSHUA MUNAFO,

       Defendant.

_____/

Case No. 1:21–cr–00099–JTN

Hon. Janet T. Neff

## ORDER REGARDING MOTION FOR MODIFICATION OF SENTENCE

Defendant has moved for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis of Amendment 821 of the Sentencing Guidelines, made retroactive by the Sentencing Commission. This Court requires that all motions for sentence modification be filed on the court–approved form without any attachments. Defendant has failed to file the motion as required. If defendant wishes to proceed with this motion, defendant must carefully fill out the attached form and submit it to the Court without any attachments within thirty (30) days from the date of entry of this order. Defendant may also submit the financial affidavit if seeking appointment of counsel. Thereafter, the motion will be handled under the attached "Procedures for Handling Motions for Sentencing Modifications Under 18 U.S.C. § 3582(c)(2), (Amendment 821)," adopted by the Court on November 1, 2023, available to counsel on the Court's website. If defendant fails to submit a motion in proper form within the time allowed, the motion will be dismissed without prejudice.

IT IS SO ORDERED.

Dated:   January 9, 2024      /s/ Janet T. Neff_____
                               JANET T. NEFF
                               United States District Judge

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 1:21–cr–00099–JTN

v.                                  Hon. Janet T. Neff

JONATHAN JOSHUA MUNAFO,

        Defendant.

_____/

### Motion for Modification or Reduction of Sentence
### Pursuant to 18 U.S.C. § 3582(c)(2)
### (Guideline Amendment No. 821)

I hereby request a modification or reduction of my sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. First, Amendment 821 decreases "Status Points" by one point for defendants with seven or more criminal history points and eliminated "Status Points" for defendants with six or fewer criminal history points. "Status Points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Second, Amendment 821 provides for a decrease of two offense levels for "Zero–Point Offenders" (no criminal history points), whose offense did not involve specific aggravating factors. The change is retroactive as of November 1, 2023, and has an effective date of February 1, 2024. In support of this motion, I state as follows:

1.   I am serving a term of imprisonment.

2.   My presentence report:

      ☐ included "Status Points" in the calculation of my criminal history score under then–U.S.S.G. § 4A1.1(d).

      ☐ scored me as having zero criminal history points.

3.   I was sentenced in the Western District of Michigan on (date)_____

to a term of _____ months in prison.  My total offense level was _____  and my

criminal history category was _____.

4.   My projected release date is _____.  I understand that the Amendment does not authorize release of any defendant before February 1, 2024.

5.  ☐ I hereby request a court–appointed attorney.  In support of my request, I have completed the enclosed Financial Affidavit.  (Note: appointment of counsel is discretionary with the Court.)

**WITH THE EXCEPTION OF THE FINANCIAL AFFIDAVIT, PLEASE DO NOT SUBMIT OR ATTACH ANY OTHER MATERIALS AT THIS TIME OR YOUR MOTION WILL BE REJECTED AND RETURNED.**

Signature of Petitioner: _____  Date: _____

Print or Type Name: __Jonathan Joshua Munafo__  Register #: _____

Current Address: _____

**\*\*NOT FOR PUBLIC DISCLOSURE\*\***　　　　　　USDC - Western District of Michigan

## PERSONAL DATA / CASE INFORMATION
(To be completed by ALL defendants)

USA v._____　　Case Number _____

Full Name_____　　CHARGE/OFFENSE (describe if applicable & check box)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　□ Felony　　　　□ Misdemeanor
Address _____

_____

_____　　Phone _____

## FINANCIAL AFFIDAVIT
(To be completed in support of request for attorney, expert or other court services without payment of fee)

<table>
<tr><td rowspan="5"><b>INCOME &amp; ASSETS</b></td><td rowspan="3"><b>EMPLOY-MENT</b></td><td colspan="2">Are you now employed? □ Yes　□ No　□ Am Self-Employed<br>Name and address of employer: _____<br><b>IF YES,</b> how much do you<br>earn per month?　$ _____　　<b>IF NO, list</b> month/year of last employment _____<br>　　　　　　　　　　　　　　　　　　How much did you earn per month? $ _____<br><b>Will you still have a job after this arrest?</b> □ Yes　□ No　□ <b>Unknown</b></td></tr>
<tr><td colspan="2">If married is your Spouse employed?　□ Yes　□ No<br><b>IF YES, how much does your spouse earn per month?</b> $ _____<br>If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____</td></tr>
<tr><td colspan="2"><b>OTHER INCOME</b><br>Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? □ Yes □ No<br>　　　　　　　　　　　　RECEIVED　　　　　　　　　　SOURCES<br><b>IF YES</b>, GIVE THE AMOUNT<br>　　RECEIVED & IDENTIFY　$ _____　_____<br>　　　　THE SOURCES　　　　$ _____　_____</td></tr>
<tr><td><b>CASH</b></td><td>Do you have any cash on hand or money in savings or checking accts? □ Yes □ No　<b>IF YES</b>, list total amt $ _____</td></tr>
<tr><td><b>PROP-ERTY</b></td><td>Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? □ Yes □ No<br>　　　　　　　　　　　　　VALUE　　　　　　DESCRIPTION<br><b>IF YES</b>, GIVE THE VALUE AND DESCRIBE　$ _____　_____<br>　　　　　　　　　　　　　　　　　　　　 _____　_____</td></tr>
</table>

**OBLIGATIONS EXPENSES & DEBTS**

**MARITAL STATUS:**　□ SINGLE　□ MARRIED　□ WIDOWED　□ SEPARATED OR DIVORCED

**DEPENDENTS: Total No. of Dependents:** _____

List persons you actually support and your relationship to them: _____

| BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT | BILLS & DEBTS | MONTHLY EXPENSE | TOTAL DEBT |
|---|---|---|---|---|---|
| Housing | $_____ | $_____ | Childcare | $_____ | $_____ |
| Groceries | $_____ | $_____ | Child Support | $_____ | $_____ |
| Medical Expenses | $_____ | $_____ | Insurance | $_____ | $_____ |
| Utilities | $_____ | $_____ | Loans | $_____ | $_____ |
| Credit cards | $_____ | $_____ | Fines | $_____ | $_____ |
| Car/Truck/Vehicle | $_____ | $_____ | Other | $_____ | $_____ |

I certify under penalty of perjury that the foregoing is true and correct.  Executed on (date) _____

　　　　　　　　　　SIGNATURE OF **DEFENDANT**　▶
　　　　　　　　　　(OR PERSON REPRESENTED)　　　_____

□　Form read to defendant in his/her native language and completed by the (□) Interpreter　(□) Probation Officer.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

## PROCEDURES FOR HANDLING MOTIONS FOR
## SENTENCING MODIFICATIONS UNDER 18 U.S.C. § 3582(c)(2)
## (AMENDMENT 821)

This memorandum sets forth the procedures adopted by the United States District Court for the Western District of Michigan for consideration of motions by defendants for sentence modifications arising from Amendment 821 of the United States Sentencing Guidelines. This amendment, effective November 1, 2023, made two retroactive changes.

Part A of the amendment addresses "Status Points," decreasing them by one point for individuals with seven or more criminal history points and eliminating "Status Points" for those with six or fewer criminal history points.

Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero–Point Offenders" (no criminal history points) whose offense did not involve specific aggravating factors. The amendment revises the Commentary to §5C1.1 to provide guidance regarding the appropriateness of a sentence other than prison for certain first offenders.

The following procedures are intended to govern the expeditious handling of motions for sentence modification in the majority of cases; an individual judge, however, is free to alter these procedures to address the circumstances of any particular case. The Amendment does not authorize release of any defendant before February 1, 2024.

I.    Form and Filing of Motions

    A.    Form of Motions:

        Motions must be filed on the court–approved form. No memorandum of law or attachments may accompany the motion. Non–conforming motions will be returned to the submitting party by order of the Court.

    B.    Filing of Motions

        1.    By the Federal Public Defender:

            a.    The motion shall be e–filed, with a copy automatically sent by CM/ECF to the U.S. Attorney's Office.

            b.    The motion will include a request for appointment of the FPD and financial affidavit. The financial affidavit must be e–filed separately with access restricted to the filer and the Court.

        2.    By a panel attorney who represented defendant at sentencing or on appeal:

            a.    The motion shall be e–filed, with a copy automatically sent by CM/ECF to the U.S. Attorney's office.

            b.    The motion will include a request for appointment of the panel attorney and financial affidavit. The financial affidavit must be e–filed

separately, with access restricted to the filer and the Court.

3.   By retained counsel:   The motion shall be e-filed, with a copy automatically sent by CM/ECF to the U.S. Attorney's office.

4.   By a pro se defendant:

a.   The motion shall be filed with the Court on paper and scanned into the CM/ECF system, with a copy automatically sent by CM/ECF to the U.S. Attorney's office.

b.   The motion may request appointment of counsel in the body of the form motion.   If counsel is requested, the defendant should also submit a completed financial affidavit. The clerk's office shall only file any submitted financial affidavit with access restricted to the defendant and the Court.

C.   Appointment of Counsel:   Appointment of counsel is discretionary with the Court at any stage of the proceedings.


II.   Initial Consideration

A.   Initial Review (Step A)

1.   Immediately upon filing, the judge's office will review the motion to determine whether the defendant has been previously identified by the Sentencing Commission or the Administrative Office as an inmate potentially affected by Amendment 821.

a.   If so, the Court will move to Step B.

b.   If not, the case will be referred to Probation for a review of the file, to determine whether the movant may be an eligible defendant.

c.   The Probation Office will e-file a short report stating whether the movant may be an eligible defendant because the Final PSR assessed status points or treated movant as a Zero-Point Offender.   The Probation Office will not make any other potential eligibility assessment at this step.   This report should be e-filed within seven business days, unless the Probation Office file is in storage.   Pro se movants must be served by mail, with proof of service.

2.   If the Probation Office report concludes that movant may be eligible, the Court will move to Step B.

3.   If the Probation Office report concludes that movant does not appear to be eligible, any represented movant may file an objection within 14 days of service, and any pro se movant may file an objection within 21 days of service.

4.   If the Court determines that the movant may be an eligible defendant, the Court will move to Step B.

5.   The Court may at any time deny the motion if the Court determines the movant is not eligible for relief.

B.   Triage of Motions (Step B)

    1.   Motions by potentially eligible defendants with a release date within 12 months of February 1, 2024 – the earliest possible release date under the Amendment – will receive priority, and the Court will immediately move to Step C.

    2.   Motions by potentially eligible defendants with release dates after February 1, 2025, will be held in abeyance. The Court will reach those motions, moving to Step C, after more urgent cases are decided.

C.   Issuance of Order for Sentence Modification Report (Step C)

    1.   The Court will order the Probation Office to prepare a Sentence Modification Report, addressing the following issues:

        a.   a brief procedural history of sentencing decisions, including whether the original sentence reflected any departures or variances, or was reduced under U.S.S.G. § 5K1.1 or Rule 35(b);

        b.   the original Guideline calculation (including criminal history points and category) and a recalculation of the Guideline range (including criminal history points and category) in accordance with the Amendment;

        c.   a statement as to whether the movant is an eligible defendant and the basis for that conclusion;

        d.   a statement as to whether the movant received credit in anticipation of Amendment 821 based on a variance;

        e.   any information readily available to Probation from the BOP concerning the defendant's post–sentencing conduct or misconduct;

        f.   any information available to Probation concerning the danger to any person or the community that may be posed by a reduction in the defendant's sentence; and

        g.   a recommendation for disposition of the motion.

    2.   The U.S. Probation Office will be directed to prepare Sentence Modification Reports in a sequence consistent with projected release dates of the moving defendants, assuring those defendants eligible for imminent release are addressed first by the Court. Once all requested reports for inmates with projected release dates within 12 months of February 1, 2024, are submitted to the Court, the U.S. Probation Office will prepare reports for moving defendants with release dates after February 1, 2025, in a sequence reflecting their projected release dates.

    3.   The Probation Office will e–file the Sentence Modification Report (access restricted to the Court, the U.S. Attorney, and counsel for movant).

    4.   The Probation Office will e–file the original Presentence Report (access restricted to the Court, the U.S. Attorney, and counsel for movant), if not already on the docket.

    5.   The Clerk's Office will serve the order on pro se movants by mail.

D.   Submissions by the Parties

    1.   Defendant (or counsel) will have 21 days after service of the Sentence Modification Report to file a brief and supporting documents, addressing any

legal or factual issue relevant to the motion for reduction of sentence.

2.   Within 21 days of service of defendant's brief, the government may file its brief and supporting materials, addressed to the same subjects.

3.   Submissions in support of or in opposition to a motion must not exceed 20 pages, including attachments.   Counsel must e–file these documents and serve any pro se movant by mail, with proof of service.

4.   At any time before a decision on the motion, the parties may file with the Court a joint recommendation for disposition of the motion, understanding that the ultimate decision is in the Court's discretion.

E.   Hearing

1.   A hearing will be scheduled only if the Court determines that it is necessary to resolution of the motion.

2.   A defendant's presence for sentence modification is not required by the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 43(b)(4).

3.   If either party seeks a hearing or defendant's personal presence, the party's brief must specifically request that relief and give reasons in support.